UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PEGGY S. LANICH,

      Plaintiff,                        Case No. 3:13-cv-359

vs.

COMMISSIONER OF                    Magistrate Judge Michael J. Newman
SOCIAL SECURITY,               (Consent Case)

      Defendant.

---

**ORDER AND ENTRY: (1) GRANTING PLAINTIFF'S MOTION FOR A 25% ATTORNEY'S FEE AWARD UNDER THE SOCIAL SECURITY ACT (DOC. 22); (2) AWARDING PLAINTIFF'S COUNSEL $15,566.75 IN FEES; (3) DIRECTING PLAINTIFF'S COUNSEL TO REFUND TO PLAINTIFF, WITHIN FOURTEEN DAYS, THE $4,900.00 IN EAJA FEES PREVIOUSLY AWARDED HERE; AND (4) CLARIFYING THAT THIS CASE REMAINS TERMINATED ON THE DOCKET**

---

On January 13, 2015, the Court reversed the ALJ's non-disability finding and remanded this case to the Commissioner for further proceedings. Doc. 18. Counsel for Plaintiff subsequently sought, and was awarded, attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $4,900.00. Doc. 21. This case is back before the undersigned on a motion by Plaintiff's counsel for an award of attorney's fees, in the amount of $15,566.75, under 42 U.S.C. § 406(b).[1] Doc. 22.

**I.**

The requested fee of $15,566.75 was calculated as follows: Plaintiff was awarded $102,267.00 in past due benefits. Doc. 22 at PageID 1085; doc. 22-2. Twenty-five percent of that sum is $25,566.75. Counsel has requested a fee of $10,000.00 from the Commissioner

---

[1] 42 U.S.C. § 406(b) permits an award of attorney's fees for successful Disability Insurance Benefits ("DIB") claims under Title II of the Social Security Act.

under 42 U.S.C. § 406(a) for work performed at the administrative level on behalf of Plaintiff. *See* doc. 22 at PageID 1090. Subtracting that sum from the $25,566.75 leaves $15,566.75, *i.e.*, the fee sought here by Plaintiff's counsel.

In support of the motion, counsel attaches a 25% contingency fee agreement executed by Plaintiff. Doc. 22-3 at PageID 1132. Counsel also submits an itemized billing statement indicating that he spent 32.5 hours litigating this case in this Court. Doc. 22-4 at PageID 1133-36. Plaintiff's motion acknowledges that, should this Court award counsel a fee pursuant to § 406(b), counsel will refund to Plaintiff the prior award of EAJA fees. Doc. 22 at PageID 1090; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The Commissioner, in response, "requests that the Court determine an appropriate fee for counsel's services[,]" but does not oppose Plaintiff's motion. *See* doc. 23. In reply, Plaintiff's counsel attaches a case from this Court approving attorney's fees in counsel's favor in circumstances similar to those presented here. *See* doc. 24-1; *see also Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-637, 2014 WL 5308595 (S.D. Ohio Oct. 16, 2014) *Report and Recommendation adopted by* 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014). The undersigned has carefully considered each of the forgoing documents, and the fees motion is now ripe for decision.

## II.

In DIB cases, the Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal. *See* 42 U.S.C. §§ 402(b)(1), 1383(d)(2). However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. *Id*. Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807.

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Id*.  A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption."  *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).  A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended."  *Id*.  Such an award is not improper merely because it results in an above-average hourly rate.  *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee].  In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time.  The hourly rate in the next contingent fee case will be zero, unless benefits are awarded.  Contingent fees generally overcompensate in some cases and undercompensate in others.  It is the nature of the beast.

*Id*.  "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable."  *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

As just noted, counsel's itemized billing statement sets forth a total of 32.5 hours representing Plaintiff before this Court.  Doc. 22-4 at PageID 1133-36.  Counsel's requested fee of $15,566.75, divided by the 32.5 hours spent working on the case, results in a hypothetical hourly rate of $478.98.  With regard to counsel in this case, this Court has previously approved a hypothetical hourly rate of $750.00, while noting that "counsel achieved an excellent result for the Plaintiff . . . [and] handled the matter efficiently" and that "Plaintiff agreed to the contingent

fee." *Havens,* 2014 WL 5308595, at *2.  The same is true in this instance.  Accordingly, and in light of counsel's extensive experience in these matters, *see* doc. 22 at PageID 1088, the fee sought is reasonable and does not result in an undeserved windfall.  *See id*.

**III.**

Based upon the foregoing: (1) Plaintiff's motion for an EAJA fee award (doc. 22) is **GRANTED**; (2) Plaintiff's counsel is **AWARDED** the requested sum of $15,566.75 in attorney's fees; (3) Plaintiff's counsel is **ORDERED** to reimburse to Plaintiff, within **FOURTEEN (14) DAYS**, the $4900.00 in EAJA fees previously awarded to counsel; and (4) as no further matters remain pending for review, this case remains **TERMINATED** upon the Court's docket.

**IT IS SO ORDERED.**

Date:   April 19, 2016                    *s/ Michael J. Newman*
                                          Michael J. Newman
                                          United States Magistrate Judge